OP 11-0741

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 106A

———————————

D.H., J.H., and JAYCIE THERESE BLEDSOE,

     Petitioners,

   v.

                                       OPINION and ORDER

MONTANA FOURTH JUDICIAL DISTRICT
COURT, IN AND FOR THE COUNTY OF
MISSOULA, THE HONORABLE JOHN W.
LARSON, Presiding,

     Respondent.

———————————

¶1    This matter comes before the Court on a Petition for Writ of Supervisory Control. Petitioners ask this Court to exercise supervisory control, pursuant to M. R. App. P. 14, over the Montana Fourth Judicial District Court in relation to Missoula County Cause Nos. DJ 11-88, DJ 11-90, and DC 11-507. They claim that the District Court incorrectly denied as untimely their motions for substitution of district court judge in those cases.

¶2    Supervisory control is an extraordinary remedy that is sometimes justified when (1) urgency or emergency factors exist making the normal appeal process inadequate, (2) the case involves purely legal questions, and (3) the trial court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or the trial court has granted or denied a motion for substitution of judge in a criminal case. M. R. App. P. 14(3). Petitioners contend that the District

Court is proceeding under a mistake of law with its calculation of the time period in which to file a motion for substitution of district judge. We reverse in part and affirm in part.

## ISSUES PRESENTED

¶3 *Whether the District Court calculated properly the time period in which to file a motion for substitution of district judge in youth court.*

¶4 *Whether the District Court calculated properly the time period in which to file a motion for substitution of district judge on an appeal from justice court.*

## FACTUAL AND PROCEDURAL BACKGROUND

### *In re D.H.* and *In re J.H.*

¶5 *In re D.H.* and *In re J.H.* involve proceedings in Youth Court. Both D.H. and J.H. appeared in court for detention hearings.

¶6 Petitioner D.H. appeared with assigned counsel for his detention hearing on October 13, 2011, pursuant to § 41-5-332, MCA. A specific detention order was issued at the hearing, indicating that J.H.'s case was assigned to Department 3 of the Fourth Judicial District on that day. Additionally, J.H.'s file was opened on that day.

¶7 The State filed a Petition in the Fourth Judicial District Court on October 17, 2011, alleging D.H. to be a delinquent youth. The District Court issued a summons directing D.H. to appear on October 20, 2011, to answer the State's allegations. D.H. appeared personally on October 20, 2011.

¶8 D.H. filed a motion to substitute district court judge pursuant to § 3-1-804, MCA, on October 28, 2011. The District Court determined that D.H.'s appearance for the detention hearing on October 13, 2011, constituted his first appearance for purposes of triggering the time period for substitution of district judge pursuant to § 3-1-804(1)(b), MCA. The District Court denied the motion for substitution as untimely due to the fact that October 28, 2011, fell more than 10 days after October 13, 2011.

¶9 Petitioner J.H. similarly appeared with assigned counsel for his detention hearing on October 17, 2011, pursuant to § 41-5-332, MCA. The Standing Master ordered J.H. to undergo screening for the Youth Court Home Arrest Program. A specific detention order was issued at the hearing, indicating that J.H.'s case was assigned to Department 3 of the Fourth Judicial District on that day. Additionally, J.H.'s file was opened on that day.

¶10 The State filed a Petition alleging J.H. to be a delinquent youth on October 24, 2011. The District Court set a hearing for October 27, 2011. J.H. appeared in court on October 27, 2011.

¶11 J.H. filed a motion to substitute district court judge on October 28, 2011. The District Court determined that the detention hearing on October 17, 2011, constituted J.H.'s first appearance for purposes of triggering the time period for substitution of district judge pursuant to § 3-1-804(1)(b), MCA. The District Court denied the motion for substitution as untimely due to the fact that October 28, 2011, fell more than 10 days after October 17, 2011.

¶12 J.H. and D.H. appeal.

3

*State v. Bledsoe*

¶13　Jaycie Therese Bledsoe (Bledsoe) pled guilty to driving under the influence in Missoula County Justice Court on October 21, 2011. Bledsoe filed a notice of appeal and motion to stay sentence on October 24, 2011, in Justice Court pursuant to § 46-17-311, MCA. The Clerk of Justice Court delivered the Justice Court file, which included the notice of appeal, to the Fourth Judicial District Court on November 4, 2011. The Clerk of District Court then assigned the appeal to Department 3 of the Fourth Judicial District.

¶14　Bledsoe filed a motion for substitution of judge on November 16, 2011. The District Court denied the substitution as untimely due to the fact that November 16, 2011, fell more than 10 days after November 4, 2011. The District Court determined that November 4, 2011, when the Clerk of the Justice Court delivered the Justice Court file, including the notice of appeal, constituted Bledsoe's first appearance in district court. Bledsoe appeals.

## DISCUSSION

¶15　*Whether the District Court calculated properly the time period in which to file a motion for substitution of district judge in youth court.*

¶16　Montana law regarding the substitution of judges, codified at § 3-1-804, MCA, delineates between a youth's trigger date and the prosecution's trigger date. The law states that "a motion for substitution by the prosecution or the state must be filed within 10 calendar days after the district judge is assigned pursuant to subsection (2)(a)." Section 3-1-804(1)(b), MCA. The law outlines the process for a defendant, parent, youth,

or respondent. The motion "must be filed within 10 calendar days after the defendant, parent, youth, or respondent makes an initial appearance in the district court." Section 3-1-804(1)(b), MCA. The statute nowhere defines the term "initial appearance."

¶17 The District Court determined that a youth's detention hearing constitutes his initial appearance. A detention hearing serves, however, to determine whether probable cause exists to determine that a youth is delinquent. Section 41-5-332(3), MCA. The State may apply to the youth court for permission to file a petition charging a youth to be delinquent. Section 41-5-1401(1), MCA. The youth court must grant leave to the State to file a petition if probable cause exists. Section 41-5-1401(1), MCA. A "probable cause hearing" does not constitute a youth's "initial appearance" in court within the meaning of § 3-1-804(1)(b), MCA. This probable cause hearing instead simply establishes whether the State may charge the youth as delinquent.

¶18 The department assignment cited by the District Court constitutes the triggering date for the time period in which the State may file a motion to substitute district judge. The court must serve a summons to the youth's parent or guardian after the State files a petition. Section 41-5-1403(1), MCA. The summons directs the youth to appear personally before the court to answer the allegations of the petition. Section 41-5-1403(2), MCA. The Montana Youth Court Act refers to this appearance as the youth's "first appearance." Section 41-5-1412(1), MCA. This "first appearance" corresponds with the statute's reference to a youth's "initial appearance" in the district court. Section 3-1-804(1)(b), MCA.

¶19 D.H. made his initial appearance on October 20, 2011, and filed his motion for substitution on October 28. J.H. initially appeared on October 27, 2011, and filed his motion for substitution on October 28. Both D.H. and J.H. filed their motions for substitution within the 10-day timeframe contemplated by § 3-1-804(1)(b), MCA. The District Court improperly determined that D.H. and J.H. had filed untimely motions for substitution of district judge.

¶20 *Whether the District Court calculated properly the time period in which to file a motion for substitution of district judge on an appeal from justice court.*

¶21 Bledsoe's filing of notice of appeal invoked the jurisdiction of the District Court as set forth in § 46-17-311(3), MCA. Bledsoe's appeal did not constitute a trial de novo. Bledsoe instead invoked the district court's power to act as an appellate court. Bledsoe pled guilty in justice court and reserved her right to appeal a specific legal ruling pursuant to § 46-12-204(3), MCA, and § 46-17-311(1), MCA. District court appeals from a court of limited jurisdiction do not create a right to be "tried anew in district court. . ." unless they constitute trials de novo. Section 46-17-311(1), MCA. Bledsoe pled guilty in the justice court and appealed only the justice court's denial of her pretrial suppression motion. Bledsoe thus reserved her right to appeal a specific legal ruling pursuant to § 46-12-204(3), MCA.

¶22 Section 3-1-804, MCA, makes no specific reference to a right of a defendant to substitute a district judge on an appeal of a specific legal ruling from a justice court. The District Court serves entirely in an appellate capacity under these circumstances. In fact,

6

§ 3-1-804, MCA, refers to serving a "summons," an "initial appearance," and a "defendant, parent, youth or respondent." These terms relate specifically to trial-type proceedings. Bledsoe did not seek a trial de novo. Though the District Court may hold an evidentiary hearing on the appealed issue, an evidentiary hearing of this type does not constitute a trial de novo.

¶23 Accordingly, no right exists under § 3-1-804, MCA, to substitute a district judge in an appeal of a specific pre-trial legal ruling from justice court. The District Court correctly denied Bledsoe's motion for substitution of district court judge.

¶24 IT IS HEREBY ORDERED that the Petition for Writ of Supervisory Control is GRANTED for J.H. and D.H. and DENIED for Bledsoe.

DATED this 19th day of June, 2012.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE