FILED

January 29 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0221

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 18N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

RANDALL L. STONE,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 00-254
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Randall L. Stone (self-represented); Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney; Ashley Whipple, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  January 3, 2013

Decided:  January 29, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Randall L. Stone (Stone) appeals from the order of the District Court of the Eighteenth Judicial District, Gallatin County, that denied his petition for post-conviction relief. We affirm.

¶3 Stone filed a pro se motion for re-designation of his sex offender risk level on January 25, 2012. The District Court issued an order on January 30, 2012, that directed the State of Montana (State) to file a response by February 22, 2012. The State filed its response a day late on February 23, 2012. The District Court denied Stone's motion without prejudice on that same day. Stone appeals.

¶4 Stone argues on appeal that the State's late filing of its response brief entitled him to a default judgment. The State counters that default judgments "are ordinarily unavailable in criminal cases." *State ex rel. Dusek v. Eighth Jud. Dist. Ct.*, 2003 MT 303, ¶ 11, 318 Mont. 166, 79 P.3d 292. We agree.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. The District Court did not abuse its discretion in imposing Stone's original sex offender designation. *State v. Price*, 2006 MT 79, ¶ 17, 331 Mont. 502, 134 P.3d 45. Moreover, the

2

District Court did not abuse its discretion in declining to revise Stone's sex offender designation despite the State's failure to file its brief in accordance with the District Court's schedule. *Price*, ¶ 17.

¶6    Affirmed.

/S/ Brian Morris

We Concur:

/S/ Mike McGrath
/S/ Michael E Wheat
/S/ Beth Baker
/S/ Jim Rice