FILED

01/07/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0692



IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0692

_____

STATE OF MONTANA,

        Petitioner,

v.

MONTANA FIRST JUDICIAL DISTRICT
COURT, LEWIS AND CLARK COUNTY,
HONORABLE MICHAEL F. MCMAHON,
Presiding,

        Respondent.

FILED

JAN - 7 2025

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

_____

Petitioner State of Montana seeks a writ of supervisory control to reverse and vacate the November 1, 2024 Order of the First Judicial District Court, Lewis and Clark County, in Cause No. BDV 2022-1089, in which Jim Salmonsen, Warden, Montana State Prison is the respondent of a petition for writ of habeas corpus filed by Johnny Darrell Johnson, who is incarcerated at Montana State Prison. We stayed the underlying case pending disposition of this petition. At our invitation, Johnson, via counsel, responded in opposition to the State's petition.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain

from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Jud. Dist. Ct.*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

The State asserts that supervisory control is appropriate here because the issue presented is purely one of law: whether the First Judicial District Court has the authority to consider Johnson's petition for writ of habeas corpus. The State further asserts that, in agreeing to entertain Johnson's petition, the District Court is proceeding under a mistake of law and the State will have no remedy of appeal because this case will not fall under any of the limited circumstances from which the State may appeal in a criminal case.

In habeas matters, under § 46-22-307, MCA, the State may appeal an order of judgment discharging the petitioner. In the petition for writ of habeas corpus underlying the present matter, Johnson does not seek discharge but only the removal of certain parole restrictions. We conclude supervisory control is appropriate because the State has no remedy of appeal, the issue presented is purely one of law, and, for reasons explained below, we conclude the District Court is operating under a mistake of law and causing a gross injustice because it lacks the authority to entertain Johnson's petition for habeas corpus.

In November 2003, the First Judicial District Court, Lewis and Clark County, sentenced Johnson to two life sentences in Montana State Prison for attempted deliberate homicide with the following restriction: "Defendant shall not be eligible for consideration for parole until he has served thirty (30) years as provided in the existing statute, Section 46-23-201, MCA, regardless of how the statute may be amended in the future." The court further sentenced Johnson to five years for criminal possession of dangerous drugs, 10 years for threats and other improper influence in official and political matters, and 10 years for criminal endangerment, with all sentences to run concurrently. The court further placed numerous conditions upon Johnson's parole and required him to pay $75,000 in restitution. The conviction and sentence were affirmed on appeal. *State v. Johnson*, 2005 MT 318,

2

329 Mont. 497, 125 P.3d 1096; *see also State v. Johnson*, 2010 MT 91N (denying postconviction relief).

On April 22, 2019, Johnson, represented by counsel, petitioned the Third Judicial District Court, Powell County, for a writ of habeas corpus. Johnson alleged an unlawful restraint upon his liberty because the sentencing court imposed parole conditions without specific statutory authority to do so.

On September 30, 2021, the Third Judicial District Court dismissed Johnson's petition. The court explained that the relief Johnson requested "cannot be accorded by this Court but rather would require resentencing by the First Judicial [District] Court." The court noted that it was dismissing the petition without prejudice "so that the matter may be refiled either with the Montana Supreme Court or with the First Judicial District Court."

On December 27, 2022, Johnson refiled his petition in the First Judicial District Court, Lewis and Clark County. In response, the State argued that the First Judicial District Court did not have the authority to consider the petition because Johnson was not incarcerated in Lewis and Clark County. The State relied on § 3-5-302(5), MCA, and *Kirkegard v. Mont. Twentieth Jud. Dist. Ct.*, No. OP 15-0795, 383 Mont. 543, 369 P.3d 354 (Jan. 19, 2016), and recommended that the court dismiss the petition without prejudice and that Johnson refile his petition in this Court.

On November 1, 2024, the First Judicial District Court, Lewis and Clark County, denied the State's motion to dismiss, accepted jurisdiction over Johnson's petition for writ of habeas corpus, and scheduled a hearing that was subsequently stayed by Order of this Court.

In its petition for writ of supervisory control, the State argues that the District Court erred in accepting jurisdiction over Johnson's petition. The State points to § 3-5-302(5), MCA, which provides, in relevant part, that district courts have the power to hear "all writs of habeas corpus on petition by or on behalf of any person held in actual custody in their respective districts." The State further notes that § 46-22-202(1), MCA, which provides that a writ of habeas corpus may be granted by "any district court judge upon petition by or on behalf of any person restrained of liberty within the . . . judge's jurisdiction." The

3

State argues that the First Judicial District Court does not have the power to hear Johnson's petition because Johnson is not held in actual custody within the First Judicial District. It argues that its interpretation of the statutes is consistent with our disposition of *Kirkegard v. Mont. Twentieth Jud. Dist. Ct.*, cited above, in which we concluded that the Twentieth Judicial District Court, Sanders County, did not have the authority to hear a petition for habeas corpus filed by an individual who was not incarcerated in Sanders County.

Johnson responds that the Third Judicial District Court erred when it dismissed his petition. He asserts that he initially filed his petition in "the right court," the State argued—and convinced the court—that it was "the wrong court," and this Court should not fault him for following the "right court['s] . . . instructions that Johnson file in the wrong court." Johnson argues that under § 46-22-101(1), MCA, he may petition for writ of habeas corpus because he is imprisoned "within the state," and he should be allowed to prosecute that writ in the sentencing court because he is challenging an allegedly illegal sentencing condition.

However, neither the State, nor this Court, nor the District Courts, have asserted that Johnson does not have the right to seek a writ of habeas corpus. He simply must do so in the correct court. Johnson's argument that he should be able to seek this writ in the sentencing court does not overcome the statutory authority to the contrary. Pursuant to §§ 3-5-302(5) and 46-22-202(1), MCA, and consistent with *Kirkegard*, the First Judicial District Court does not have the authority to hear Johnson's petition for writ of habeas corpus because Johnson is not in custody within the First Judicial District.

Johnson acknowledges that, although some other jurisdictions distinguish between a prisoner's challenge to the validity of their sentence from a challenge to the execution of the sentence, Montana's habeas statutes do not make this distinction. We are not persuaded by his arguments that we should create such a distinction and we reject his argument that his case is distinguishable from *Kirkegard* because of the nature of relief he seeks. Our statutes do not provide for such distinction.

Johnson argues that it would be inequitable for this Court to require him to refile his petition at this juncture. He argues the State should be estopped from arguing that the First

Judicial District Court lacks the statutory authority to hear his petition because the State argued in the Third Judicial District Court that it was not the correct court to hear Johnson's petition. Johnson maintains that judicial economy would be served by allowing this matter to proceed in the First Judicial District because, if he subsequently files a petition in this Court, this Court might remand the matter to the First Judicial District Court for fact-finding.

Johnson does not explain why he did not challenge the Third Judicial District Court's ruling, that he now asserts was incorrect. Although he claims he is now in the First Judicial District Court because the Third Judicial District Court suggested that he file there, as we noted above, the Third Judicial District Court stated that it was dismissing the petition without prejudice "so that the matter may be refiled either with the Montana Supreme Court or with the First Judicial District Court." Beyond stating that he "took the latter route," Johnson does not explain why he did not simply file with this Court, which he acknowledges in his response was the procedurally correct thing to do. Johnson did not serve judicial economy by following a wrong ruling or by filing in a wrong court, and it does not provide an excuse for us to allow this matter to continue on its current path.

We conclude the exercise of supervisory control is appropriate in this instance because the District Court is proceeding under a mistake of law that, if uncorrected, will cause significant injustice. *State ex rel. Dusek v. Eighth Jud. Dist. Ct.*, 2003 MT 303, ¶¶ 6-7, 318 Mont. 166, 79 P.3d 292. The District Court erred when it agreed to hear Johnson's petition for writ of habeas corpus and set a hearing for that purpose. We therefore agree the State is entitled to relief in this matter.

IT IS THEREFORE ORDERED that the Petition for Writ of Supervisory Control is ACCEPTED and GRANTED. The November 1, 2024 Order of the First Judicial District Court, Lewis and Clark County, in its Cause No. BDV 2022-1089, is REVERSED. The District Court is directed to dismiss Johnson's petition for writ of habeas corpus without prejudice so that Johnson may refile the petition in an appropriate court if he so chooses.

5

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. BDV 2022-1089, and the Honorable Michael F. McMahon, presiding.

Dated this 7th day of January, 2025.

_____

_____

_____

_____

_____

Justices
