FILED

11/04/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 25-0642

OP 25-0642

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 254

MARK FRENCH,

       Petitioner,

   v.

MONTANA TWENTIETH JUDICIAL
DISTRICT COURT, SANDERS COUNTY,
HONORABLE JOHN W. LARSON, Presiding,

       Respondent.

ORIGINAL PROCEEDING:    Petition for Writ of Supervisory Control
                             In and For the County of Sanders, Cause No. DC-25-11
                             Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

       For Petitioner:

              Mark French, Self-Represented, Plains, Montana

       For Respondent:

              Honorable John W. Larson, Self-Represented, Missoula, Montana

       For Sanders County:

              Katharine Kuykendall, Sanders County Deputy Attorney, Thompson
              Falls, Montana

                                     Decided:  November 4, 2025

Filed:

_____
                       Clerk

Justice Beth Baker delivered the Opinion and Order of the Court.

¶1 Self-represented Petitioner Mark French seeks a writ of supervisory control over the Twentieth Judicial District Court, Sanders County, and the Honorable John W. Larson to reverse the District Court's August 13, 2025 order denying French's motion for substitution of Judge Larson in his criminal case. In compliance with our September 16, 2025 Order, the District Court and the Sanders County Attorney's Office on behalf of the State have filed responses.

## PROCEDURAL BACKGROUND

¶2 French appealed his misdemeanor conviction from Sanders County Justice Court to the District Court for a trial de novo, as the justice court in Sanders County is not a court of record. Judge Larson assumed jurisdiction on August 4, 2025, and French moved on August 7 to disqualify him pursuant to § 3-1-805, MCA, based on injustices he claimed resulted from the District Court's re-scheduling of the trial date. French filed an alternative motion for substitution, pursuant to § 3-1-804, MCA, the following day. On August 12, 2025, this Court denied French's motion to disqualify. *State v. French*, No. PR 25-0001, Order (Mont. Aug. 12, 2025). Because Judge Larson had vacated the trial setting after French moved to disqualify him, we found French's claim moot and pointed out that Judge Larson had jurisdiction to determine the timeliness of French's alternative motion to substitute. Judge Larson thereafter denied French's Motion for Substitution of Judge, relying on *D.H. v. Mont. Fourth Jud. Dist. Ct.*, 2012 MT 106, 365 Mont. 82, 278 P.3d 1010.

2

**DISCUSSION**

¶3    French raises three issues in his Petition. French contends that the District Court improperly denied his "timely and authorized motion for substitution of judge;" that the court unlawfully denied his constitutional right to a jury trial; and that the court is improperly relying on the Justice Court record, which French alleges was improperly transferred. French argues that the court has misapplied the statutes intended only for courts of record and that due to "gross mishandling of this case," this Court should dismiss the underlying matter in its entirety.

¶4    "Supervisory control is an extraordinary remedy, reserved for extraordinary circumstances." *Stokes v. Mont. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754. A petitioner must demonstrate a case with purely legal questions and urgent or emergency factors making the normal appeal process inadequate, along with one of the three listed criteria under our rules. M. R. App. P. 14(3). One of those criteria is that the underlying court "has granted or denied a motion for substitution of a judge in a criminal case." M. R. App. P. 14(3)(c). When a defendant asserts a right to have a different judge preside over his criminal case, factors of urgency are present and the normal appeal process is inadequate. *Collins v. Mont. Eighth Jud. Dist. Ct.*, 2018 MT 125, ¶ 5, 391 Mont. 378, 418 P.3d 672. A district court's substitution ruling is a question of law that we review for correctness. *City of Missoula v. Mountain Water Co.*, 2021 MT 122, ¶ 8, 404 Mont. 186, 487 P.3d 15.

¶5    The District Court acknowledges that a substitution of judge is not prohibited in a case like this, unlike the situation in *D.H.*, but posits that this Court already denied the

3

previously submitted substitution request. The District Court adds: "None of the public policy issues underlying the substitution rule support applying it to appeals of either record or not of record courts of limited jurisdiction."

¶6 The State explains in its response that the Sanders County Justice Court is not a court of record and that the underlying matter concerns an appeal of a criminal case from the Justice Court to the District Court, pursuant to § 46-17-311, MCA. The State concludes that French's Petition should be denied unless this Court determines that the trial judge made a mistake in the law—§ 3-1-804, MCA—and its application to this situation.

¶7 "District courts have appellate jurisdiction over justice courts." *McDunn v. Arnold*, 2013 MT 138, ¶ 12, 370 Mont. 270, 303 P.3d 1279 (citing Mont. Const. art. VII, § 4(2); § 3-5-303, MCA). If a party appeals from a justice court that is not a court of record, the district court tries the case de novo. Sections 25-33-301(1), 46-17-311(1), MCA. "When the action is tried anew on appeal, the trial must be conducted in all respects as other trials in the district court . . . ." *McDunn*, ¶ 12 (quoting § 25-33-301(2), MCA). Montana statutes grant French a right to seek a trial de novo on appeal from a justice court not of record. Section 46-17-311(1), MCA. "The clear intent of Section 46-17-311(1), MCA, is to require a trial de novo in district court on all appeals from justice court." *State v. Kesler*, 228 Mont. 242, 245, 741 P.2d 791, 793 (1987). *See* Mont. Const. art. VII, § 4(2). *See also Maloney v. Gordon*, 254 Mont. 314, 316, 837 P.2d 1341, 1342 (1992).

¶8 We concluded in *D.H.* that "no right exists under § 3-1-804, MCA, to substitute a district judge in an appeal of a specific pre-trial legal ruling from justice court." *D.H.*, ¶ 23. We explained that the district court "serves entirely in an appellate capacity under these

4

circumstances" and that there was no trial de novo. *D.H.*, ¶ 22. As both the State and the District Court observe, this Court has not addressed whether the substitution rule, § 3-1-804, MCA, applies to a trial de novo of a justice court matter on appeal to a district court.

¶9 Under § 46-17-311, MCA, a criminal case appealed to district court from a justice or city court that is not a court of record will be "tried anew" and "may be tried before a jury of six selected in the same manner as for other criminal cases." A trial de novo, by definition, is "[a] new trial on the entire case—that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance." *Trial De Novo*, *Black's Law Dictionary* (12th ed. 2024). Section 3-1-804, MCA, provides that "[e]ach adverse party is entitled to one substitution of a district judge." In contrast to the circumstance addressed in *D.H.*, when a case comes to the district court for trial de novo, the case essentially begins anew, except for transfer of the justice court record.[1] We accordingly conclude that the substitution rule allows a person appealing from a justice court that is not a court of record the same right to substitute a district court judge as if the case initially had been filed there. French timely sought a substitution of a judge and the law entitles him to this request.

---

[1] Section 25-33-301(1), MCA, provides, "Each party has the benefit of all legal objections made in the justice or city court." Section 46-17-311(1), MCA, does not contain the same language. Nor does it provide, like its civil counterpart, that the case is to be tried anew "on the papers filed in the justice or city court unless the court, for good cause shown and on terms that are just, allows other or amended pleadings to be filed in the action." Section 25-33-301(1), MCA. These distinctions have no bearing on the substitution issue.

¶10 Lastly, French argues that the entire Justice Court record being forwarded to the District Court is contrary to law. French is mistaken. The Justice Court record must be transmitted to the District Court within thirty days of the appeal. Section 46-17-311(3), MCA. The Justice Court appropriately transferred its record, and the District Court is not improperly relying on it.

## CONCLUSION

¶11 French had the right to move to substitute the District Court Judge on appeal from the Justice Court's decision of a criminal proceeding. French is not entitled, however, to dismissal of the District Court proceeding.

¶12 French's Petition for Writ of Supervisory Control is GRANTED in part. The District Court's August 13, 2025 Order denying French's motion for substitution is reversed, and the case is remanded for further proceedings.

¶13 This matter is CLOSED as of this Opinion and Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable John W. Larson, District Court Judge; Cynthia Nestle, Clerk of District Court, under Cause No. DC-45-2025-JA-11; Katharine Kuykendall, Sanders County Deputy Attorney; and Mark T. French personally.

DATED this 4th day of November, 2025.

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE

6